IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESZEK PAWELKOWSKI, #Y31510, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>DARREN N. WILLIAMS, and )<br>NATHAN E. ATTEBURY, )<br>)<br>Defendants. ) | Case No. 3:21-cv-00070-DWD |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Leszek Pawelkowski, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights at Lawrence Correctional Center. The initial Complaint was dismissed without prejudice for failure to state a claim for relief (Doc. 12). Plaintiff was granted leave to file a First Amended Complaint, which he has done (Doc. 13).

This case is now before the Court for preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A. Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc.13): Prior to a disciplinary hearing, a prison official suggested Plaintiff plead guilty to avoid a harsher punishment. The prison official then switched the tickets of Plaintiff

and his cellmate. When Plaintiff appeared for his hearing before Darren V. Williams and Nathan E. Attebury he requested a translator because he is Polish and cannot read or speak English well enough to understand the infraction(s) he was facing. Williams and Attebury disregarded this request. Because he had been in possession of a "stinger," he pled guilty not understanding he was pleading guilty to other infractions. He received 2 months C-grade demotion which resulted in the reduction and loss of various privileges including limiting his phone usage and commissary purchases.

Plaintiff seeks monetary damages and injunctive relief at the close of the case.

### Claims

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Fourteenth Amendment due process claim against Williams and Attebury for denying Plaintiff's request for a translator during disciplinary proceedings.

Count 2: Fourteenth Amendment equal protection claim against Williams and Attebury for denying Plaintiff's request for a translator during disciplinary proceedings.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Discussion

To bring a § 1983 claim, a plaintiff must sufficiently plead a "deprivation of a

constitutional right by an individual acting under 'color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)). At the pleading stage, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)

**Count 1**

To state a Fourteenth Amendment procedural due process claim, a plaintiff must sufficiently allege that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court analyzing a due process claim in the context of prison disciplinary hearings must consider: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Zinermon*, 494 U.S. at 125.

Here, Plaintiff has not alleged facts showing a loss of a protected interest. According to Plaintiff, and the Adjustment Committee Final Summary Report (Doc. 13, pp. 13-14), Plaintiff received 2 months C grade, which does not implicate a protected interest. *Miller v. Maue,* 759 F.App'x 515, 516 (7th Cir. 2019) (citing *Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (there is no protected liberty interest implicated in demotion to C-grade status or loss of commissary privileges)). Because Plaintiff did not suffer a loss of liberty, he cannot establish a due process violation and this claim will be dismissed. *Id.; see also Franklin v. District of Columbia,* 163 F.3d 625, 631 (D.C. Cir. 1998)

3

(holding that the failure to provide interpreters to Spanish speaking prisoners for disciplinary proceedings did not violate due process because they did not suffer a loss of liberty).

### Count 2

To state an equal protection claim, Plaintiff must allege that (1) he was intentionally treated differently from others similarly situated; and (2) the discriminatory treatment was based on a suspect classification, impinged on a fundamental right, or there is no rational basis for the difference in treatment. *Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir. 1978); *Chicago Studio Rental, Inc. v. Ill. Dep't of Commerce*, 940 F.3d 971, 979 (7th Cir. 2019).

Plaintiff alleges that "equal protection of the laws for an individual similarly situated was violated" by the Defendants. This statement is vague, conclusory, and it is not sufficient to state a plausible equal protection claim. *Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements"). Accordingly, this claim will be dismissed. Plaintiff will, however, be given another opportunity to plead his claim.

### <u>Disposition</u>

Counts 1 and 2 fail to state a claim upon which relief can be granted and are **DISMISSED without prejudice**. Accordingly, the First Amended Complaint does not

4

survive preliminary review under 28 U.S.C. § 1915A and is **DISMISSED without prejudice.** Plaintiff is **GRANTED** leave to file a Second Amended Complaint within 30 days of the date of this Order. The Second Amended Complaint will also be subject to § 1915A review.

Should Plaintiff file a Second Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "Second Amended Complaint" and use the case number for this action (21-70-DWD). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

**If Plaintiff fails to file his Second Amended Complaint within the allotted time**

**or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims.** Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 25, 2022**

_____
**David W. Dugan
United States District Judge**